IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHRISTY L. WILLIAMS,                      §
                                          §
Plaintiff                                 §
                                          §
v.                                        §        CIVIL ACTION No. 4:15-cv-00241
                                          §
TARRANT COUNTY COLLEGE                    §
DISTRICT                                  §
                                          §
                                          §
Defendant.                                §

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

TCCD objects to the following evidence presented and referenced in Plaintiff's Response to Defendant's Motion for Summary Judgment and respectfully asks the Court to strike the evidence as inadmissible for the following reasons:

## I.
## OBJECTIONS TO PLAINTIFF'S RESPONSE

TCCD objects to Plaintiff's Response because it violates Local Rule 7.2(c). Pursuant to this Rule, a brief may not exceed 25 pages. Plaintiff's Response is 36 pages in length and, therefore, clearly violates Local Rule 7.2(c).

## II.
## OBJECTIONS TO EVIDENCE

### A.     Declaration of Christy Williams

1.     TCCD objects to paragraph No. 5 of the Declaration of Christy Williams (App. 3-4), which references Exhibit "A" to the Declaration of Curtis Fukuchi. TCCD objects to any reference, mention, or use of Exhibit "A" because Plaintiff never produced the entire policy to

TCCD during the discovery period. Because TCCD has not been provided an opportunity to inspect the entirety of this policy, TCCD respectfully requests that the Court strike any mention, use, or reference to Exhibit "A." Moreover, TCCD requested any documents from Plaintiff that she could use to support that she could perform her job as an Instructional Associate and Plaintiff never produced a full copy of this alleged policy.

2.      TCCD objects to paragraph No. 7 of the Declaration of Christy Williams (App. 4-5) on the basis of hearsay and relevance. Due to Plaintiff's interaction with this student, Plaintiff was assigned conflict resolution course known as Element K courses (approximately 15 months prior to her termination). Plaintiff never raised any objection to TCCD regarding being assigned these courses and, therefore, any such testimony regarding the events leading to the assignment of these courses is irrelevant. TCCD respectfully requests that the Court strike this paragraph from Plaintiff's Declaration.

3.      TCCD objects to paragraph No. 8 of the Declaration of Christy Williams, which states "these were important forms, and I had been instructed to keep the forms in the Lab and to not allow students to take them out of the Writing Lab" because such testimony is hearsay. Moreover, TCCD objects to paragraph No. 8 in its entirety on the basis of relevance. Again, Plaintiff's testimony is in reference to her interaction with a student that led TCCD to assign Plaintiff conflict resolution courses about 15 months before Plaintiff's termination. Plaintiff never raised any objections to TCCD regarding being assigned these courses and, therefore, any such testimony regarding the events leading to the assignment of these courses is irrelevant. TCCD respectfully requests that the Court strike this paragraph from Plaintiff's Declaration.

4.      TCCD objects to paragraph No. 9 of the Declaration of Christy Williams (App. 5), which states "but she angrily claimed she didn't have it" and "he refused because he said he was

busy" because these statements are hearsay. TCCD also objects to paragraph No. 9 in its entirety on the basis of relevance. Again, Plaintiff's testimony is in reference to her interaction with a student that led TCCD to assign Plaintiff conflict resolution courses about 15 months before Plaintiff's termination. Plaintiff never raised any objections to TCCD regarding being assigned these courses and, therefore, any such testimony regarding the events leading to the assignment of these courses is irrelevant. TCCD respectfully requests that the Court strike this paragraph from Plaintiff's declaration.

5.      TCCD objects to paragraph No. 10 of the Declaration of Christy Williams (App. 6), which states "Bermudez was angry that I couldn't help her immediately, and she accused me of being rude. She said she was going to file a complaint." TCCD objects to this testimony because it is hearsay and respectfully requests that this provision be stricken from Plaintiff's Declaration.

6.      TCCD objects to paragraph No. 11 of the Declaration of Christy Williams (App. 6), which states "My co-worker, Lynnelle Brown, replied to my email and pointed out that 'with only one person working in the evenings, the evenings are especially in need of additional staff." TCCD objects to this testimony as hearsay. Ms. Brown was Plaintiff's co-worker and did not have any supervisory authority over Plaintiff. TCCD respectfully requests that it be stricken from Plaintiff's Declaration.

7.      TCCD objects to paragraph No. 13 (App. 7) of the Declaration of Christy Williams, which states "he must have overhead us because he came over and started commenting negatively and antagonistically on what we had been discussing" because such testimony is hearsay and speculative. TCCD respectfully requests that this portion of paragraph No. 13 be stricken from Plaintiff's Declaration.

8.      TCCD objects to paragraph No. 19 (App. 9) of the Declaration of Christy Williams, which states "some of these exact same courses were also assigned to the other writing tutors, Brown and Levy." TCCD objects to this testimony because Plaintiff has no personal knowledge of the writing courses that TCCD assigned to other writing tutors. Therefore, any such testimony by Plaintiff is speculative and paragraph No. 19 should be stricken from her Declaration.

9.      TCCD objects to paragraph No. 22 (App. 10) of the Declaration of Christy Williams on the basis that such testimony is hearsay. TCCD therefore respectfully requests that the Court strike paragraph No. 22 from Plaintiff's Declaration.

10.     TCCD objects to Exhibit No. 8 attached to Christy Williams' Declaration and referenced in paragraph No. 22 (App. 10) of the Declaration of Christy Williams. Any comments by other instructors who are not in a supervisory role over Plaintiff are hearsay. TCCD respectfully requests that the Court strike Exhibit No. 8 from Plaintiff's Response.

11.     TCCD objects to paragraph No. 23 (App. 10) of the Declaration of Christy Williams on the basis that such testimony is hearsay. TCCD therefore respectfully requests that the Court strike paragraph No. 23 from Plaintiff's Declaration.

12.     TCCD objects to Exhibit 9 attached to the Declaration of Christy Williams and referenced in paragraph No. 23 of Plaintiff's Declaration because any comments by students are hearsay. TCCD therefore respectfully requests that the Court strike Exhibit 9 from Plaintiff's Response.

13.     TCCD objects to paragraph No. 27 (App. 11) of the Declaration of Christy Williams because such testimony is hearsay and speculative. Plaintiff is not a medical expert and cannot testify as to the effects of certain medications and the symptoms alleviated by those medications. Moreover, Plaintiff's testimony regarding a childhood condition (which occurred approximately

20 or more years before her employment at TCCD) are completely irrelevant. Plaintiff never disclosed these conditions to TCCD. Therefore, TCCD respectfully requests that the Court strike paragraph no. 27 from Plaintiff's Declaration.

14.     TCCD objects to paragraph No. 28 (App. 11) of the Declaration of Christy Williams because such testimony is hearsay and irrelevant. Plaintiff's testimony regarding events in 8th grade and in 1997 are completely irrelevant to her work at TCCD almost 15 years later. Moreover, Plaintiff never disclosed any of these issues to TCCD. Therefore, TCCD respectfully requests that paragraph No. 28 be stricken from Plaintiff's Declaration.

15.     TCCD objects to paragraph No. 29 (App. 12) of the Declaration of Christy Williams because such testimony is hearsay, irrelevant and speculative. Moreover, Plaintiff never disclosed any of these issues to TCCD. Therefore, TCCD respectfully requests that the Court strike paragraph No. 29 from Plaintiff's Declaration.

16.     TCCD objects to paragraph No. 30 (App. 12) of the Declaration of Christy Williams because such testimony is hearsay, irrelevant and speculative. Plaintiff's testimony regarding her childhood events are not relevant to her employment at TCCD approximately 20 to 30 years later. Plaintiff never disclosed these issues to TCCD. Moreover, Plaintiff never disclosed any of these facts to TCCD. Therefore, TCCD respectfully requests that paragraph No. 30 be stricken from Plaintiff's Declaration.

17.     TCCD objects to paragraph No. 31 (App. 12) of the Declaration of Christy Williams because this testimony is non-responsive and irrelevant. Any testimony about events almost 20 years before Plaintiff's termination at TCCD is completely irrelevant. Plaintiff never disclosed these issues to TCCD. Moreover, any testimony by Plaintiff regarding her medical condition

without any supporting medical documentation is speculative. TCCD respectfully requests that this paragraph be stricken from Plaintiff's Declaration.

18.     TCCD objects to paragraph No. 32 (App. 13) in the Declaration of Christy Williams because this testimony is irrelevant and hearsay. Moreover, Plaintiff's testimony regarding her emotional state in 1995 (17 years before her termination at TCCD) is completely irrelevant to the issues in this case. Plaintiff never disclosed these issues to TCCD. TCCD respectfully requests that this paragraph be stricken from Plaintiff's Declaration.

19.     TCCD objects to paragraph No. 33 (App. 13) in the Declaration of Christy Williams because such testimony is hearsay and irrelevant. Again, Plaintiff's testimony related to events at least a decade before her employment with TCCD is completely irrelevant to the issues in this case. Plaintiff never disclosed these issues to TCCD. TCCD respectfully requests that the Court strike paragraph No. 33 of Plaintiff's Declaration.

20.     TCCD objects to paragraph No. 34 (App. 13) in the Declaration of Christy Williams because this testimony is hearsay, speculative, and irrelevant. Plaintiff has not laid the proper predicate to demonstrate that she has the knowledge to testify regarding interpreting the results of blood tests. Plaintiff has not been designated as an expert and Plaintiff never disclosed these issues to TCCD. TCCD respectfully requests that the Court strike this paragraph from Plaintiff's Declaration.

21.     TCCD objects to paragraph No. 35 (Ap. 13) in the Declaration of Christy Williams because this testimony is hearsay, irrelevant, and speculative. Plaintiff has not laid the proper predicate to demonstrate that she has knowledge to testify regarding the effects of a medical condition on an emotional state. Plaintiff has not been designated as an expert. Moreover, Plaintiff's testimony about a medical condition that occurred more than 10 years prior to her

termination at TCCD is completely irrelevant to the issues in this case. Plaintiff never disclosed these issues to TCCD. Therefore, TCCD respectfully requests that the Court strike this paragraph from Plaintiff's Declaration.

22.     TCCD objects to paragraph No. 36 (App. 14) in the Declaration of Christy Williams because this testimony is irrelevant and too remote in time. Any testimony about events that occurred over 15 years prior to Plaintiff's termination are not relevant in this case. Plaintiff never disclosed these issues to TCCD. Moreover, TCCD objects to paragraph No. 36 because it contains hearsay. TCCD respectfully requests that paragraph No. 36 be stricken from Plaintiff's Declaration.

23.     TCCD objects to paragraph No. 37 (App. 14) in the Declaration of Christy Williams because this testimony is hearsay, irrelevant and speculative. Again, Plaintiff's testimony about events that occurred 12 years prior to her termination at TCCD are completely irrelevant to the issues in this case. Moreover, Plaintiff never disclosed these issues to TCCD. TCCD respectfully requests that this language be stricken from Plaintiff's Declaration.

24.     TCCD objects to paragraph No. 38 (App. 14) in the Declaration of Christy Williams because such testimony is hearsay, irrelevant, and speculative. Plaintiff is not a medical expert and cannot testify regarding medications and the effect of such medications. Moreover, any testimony by Plaintiff of medical conditions approximately 12-13 years prior to her termination at TCCD is completely irrelevant to the issues in this case. Most importantly, Plaintiff never disclosed these issues to TCCD. Therefore, TCCD respectfully requests that the Court strike paragraph No. 38 from Plaintiff's Declaration.

25.     TCCD objects to paragraph No. 39 (App. 15) in the Declaration of Christy Williams because such testimony is irrelevant and speculative. Again, Plaintiff is not a medical expert and

cannot testify regarding how a physical or mental impairment affected a major life activity without supporting medical documentation. Moreover, Plaintiff never disclosed any of these issues to TCCD. Therefore, TCCD respectfully requests that paragraph No. 39 be stricken from Plaintiff's Declaration.

26.     TCCD objects to paragraph No. 40 (App. 15) in the Declaration of Christy Williams because such testimony is hearsay, irrelevant, and speculative. Plaintiff is not a medical expert and cannot testify regarding symptoms associated with medical conditions without supporting medical documentation. Moreover, Plaintiff never disclosed any of these issues to TCCD. TCCD respectfully requests that the Court strike this language from Plaintiff's Declaration.

27.     TCCD objects to paragraph No. 41 (App. 15) in the Declaration of Christy Williams because such testimony is speculative. Plaintiff is not a medical expert and cannot testify regarding medical diagnoses and symptoms associated with medical conditions without supporting medical documentation. Moreover, Plaintiff never disclosed these issues to TCCD. Therefore, TCCD respectfully requests that this paragraph be stricken from Plaintiff's Declaration.

28.     TCCD objects to paragraph No. 42 (App. 16) in the Declaration of Christy Williams because such testimony is irrelevant and speculative. Again, Plaintiff is not a medical expert and lacks the expertise to testify regarding the symptoms and effects of medical conditions without supporting medical documentation. Moreover, Plaintiff never disclosed these issues to TCCD. Therefore, TCCD respectfully requests that this paragraph be stricken from Plaintiff's Declaration.

29.     TCCD objects to paragraph No. 43 (App. 16) to the Declaration of Christy Williams because this testimony because it is hearsay. Any testimony by another individual at TCCD that did not have a supervisory role over Plaintiff is hearsay. Therefore, TCCD respectfully requests that the Court strike this paragraph from Plaintiff's Declaration.

30.     TCCD objects to paragraph No. 44 (App. 16--17) to the Declaration of Christy Williams because such testimony is speculative. Plaintiff is not a medical expert and cannot testify regarding a medical diagnosis without supporting medical documentation by a person qualified to testify to such matters. Moreover, Plaintiff never disclosed these issues to TCCD. Therefore, TCCD respectfully requests that the Court strike this paragraph from Plaintiff's Declaration.

31.     TCCD objects to paragraph No. 46 (App. 17) to the Declaration of Christy Williams, which states "Atkinson wanted me to check into a hospital right away" and "Atkinson told me that if I wasn't going to follow her advice and be hospitalized, she couldn't be responsible for me and she wouldn't treat me any longer" because such testimony is hearsay. TCCD respectfully requests that the Court strike these provisions from Plaintiff's Declaration.

32.     TCCD objects to Exhibit No. 12 attached to the Declaration of Christy Williams and referenced in paragraph No. 47 of Plaintiff's Declaration. This document is hearsay and is not supported by a business records affidavit. TCCD respectfully requests that the Court strike Exhibit No. 12 from Plaintiff's Response.

33.     TCCD objects to paragraph No. 48 (App. 17-18) to the Declaration of Christy Williams, which states "he had some blood work done, and the test results showed that my thyroid condition had once again gone out of control" and "when that happened in the past, even if it was only slightly low, it had consistently caused the symptoms of my depression to get worse until the thyroid problem was treated and stabilized." TCCD objects to this testimony because Plaintiff lacks the specialized knowledge to testify regarding the results of blood tests and the cause of any alleged medical diagnosis. Because the proper foundation has not been laid to demonstrate that this is within Plaintiff's knowledge as a lay witness and Plaintiff has not been designated as an expert, TCCD respectfully requests that this provision be stricken from Plaintiff's Declaration.

34.     TCCD objects to Exhibit No. 13 referenced in paragraph No. 48 (App. 17-18) to the Declaration of Christy Williams because Exhibit No. 13 contains hearsay. Therefore, TCCD respectfully requests that Exhibit No. 13 be stricken from Plaintiff's Response.

35.     TCCD objects to Exhibit No. 14 attached to the Declaration of Christy Williams and referenced in paragraph No. 49 (App. 18) of Plaintiff's Declaration because this document contains hearsay. TCCD respectfully requests that the Court strike Exhibit No. 14 from Plaintiff's Response.

36.     TCCD objects to paragraph No. 51 (App. 18-19) of the Declaration of Christy Williams, which states "Dr. Indukuri concurred that I was not in a good place emotionally to put myself in a possibly stressful situation" because such testimony is hearsay. Moreover, TCCD objects to this testimony as speculative. Plaintiff has not laid the proper predicate to demonstrate that she has personal knowledge to testify regarding mental conditions and the treatment of same. In addition, Plaintiff has not been designated as an expert. TCCD respectfully requests that the Court strike paragraph No. 51 from Plaintiff's Declaration.

37.     TCCD objects to Exhibit No. 16 attached to the Declaration of Christy Williams and referenced in paragraph No. 52 of Plaintiff's Declaration because such document contains hearsay. Therefore, TCCD respectfully requests that Exhibit No. 16 be stricken from Plaintiff's Response.

38.     TCCD objects to paragraphs Nos. 57—61 (App. 20-22) of the Declaration of Christy Williams to the extent Plaintiff attempts to testify regarding any physical or mental impairments and the impact of same on a major life activity. This testimony is not supported by any medical evidence and, therefore, is improper. Moreover, Plaintiff has not been designated as

an expert in this case. Plaintiff cannot use self-serving statements without any medical evidence to establish that she has a disability that affects a major life activity under the ADA.

**B.      Documents Attached to Declaration of Don Uloth**

39.     TCCD objects to the documents attached to the Declaration of Don Uloth (App. 107, 115 and 118-121) because these documents contain hearsay. TCCD respectfully requests that the Court strike these documents from Plaintiff's Response and from the Appendix in Support of Plaintiff's Response.

**C.      Declaration of Curtis Fukuchi**

40.     First and foremost, TCCD objects to Plaintiff and Plaintiff's counsel's communication with TCCD employees when TCCD is clearly represented by counsel. Moreover, TCCD objects to Plaintiff's attempts to circumvent discovery deadlines in this case to acquire documents from TCCD employees outside the discovery period. Plaintiff's counsel contacted Dr. Fukuchi in August of 2016 and asked him to provide copies of TCCD policies. The discovery deadline in this case was June 24, 2016. By seeking discovery from TCCD employees in August 2016, Plaintiff is clearly violating the discovery deadline established by the Court.

41.     TCCD objects to Exhibit "A" attached to the Declaration of Curtis Fukuchi (App. 129-131) based on authenticity. Exhibit "A" is not a complete copy of an alleged policy and also does not specify the date the policy was made. Dr. Fukuchi is a Professor in the English Department at TCCD. He is not a records custodian and lacks the foundation to testify regarding TCCD policies pertaining to the Writing Lab. Moreover, TCCD objects to Exhibit "A" as the entirety of this Writing Lab policy has not been produced by Plaintiff, despite being requested by TCCD.

42.     TCCD objects to that portion of paragraph No. 4 (App. 123) of the Declaration of Curtis Fukuchi, which states "at the time it was the official written policy of the writing lab to require students to make an appointment, and to turn in their writing assignment more than 24 hours before the tutoring session." Dr. Fukuchi lacks the personal knowledge to testify as to the policies of the Writing Lab and any such testimony is speculative.

43.     TCCD objects to paragraphs 5(a) – (h) (App. 124-126) in the Declaration of Curtis Fukuchi to the extent he attempts to testify regarding Plaintiff's ongoing conflicts with her co-workers and faculty members as well as student complaints. Dr. Fukuchi has no personal knowledge regarding the complaints TCCD received about Plaintiff or her interaction with her co-workers, supervisors, and other faculty. Any such testimony is speculative.

44.     TCCD objects to paragraph 5(g) (App. 125-126) in the Declaration of Curtis Fukuchi, which states "that was a student of Professor Cecilia Sublette, who had given the student comments on a paper and told him he could redo the assignment for a better grade. The student wanted Williams to explain Sublette's written comments, but the comments were ambiguous and Williams merely suggested that he ask Sublette what her comments meant. The student later complained that Williams refused to help him, but that was not the case." TCCD objects to this testimony as hearsay as speculative. Mr. Fukuchi has no personal knowledge of what Professor Sublette told a student. TCCD respectfully requests that this paragraph be stricken from the Declaration of Curtis Fukuchi.

45.     TCCD objects to that portion of paragraph No. 5(h) (App. 126) in the Declaration of Curtis Fukuchi, which states "I remember because Margaret Levy told me a little about what was going on and that Williams was in the breakroom" because such testimony is hearsay. TCCD therefore requests that the Court strike this portion of Dr. Fukuchi's Declaration.

46.     TCCD objects to that portion of paragraph No. 10 (App. 127) in the Declaration of Curtis Fukuchi, which states "I wonder how he could possibly evaluate the writing tutors since he never saw them tutoring" as speculative. As stated above, Dr. Fukuchi has no personal knowledge regarding Conrad Herrera's evaluation of the tutors under his supervision. TCCD respectfully requests that the Court strike this portion of Mr. Fukuchi's Declaration.

47.     TCCD objects to paragraph No. 11 (App. 127) in the Declaration of Curtis Fukuchi, which states "Crystal Bravo did not have the same job as Williams and the other writing tutors. Bravo was hired as one of the instructors to help students who were not native English speakers. She may have worked a few shifts at most, and she was not here very long." TCCD objects to such testimony because Dr. Fukuchi has no personal knowledge of Crystal Bravo's job duties or why she was hired by TCCD. TCCD respectfully requests that paragraph No. 11 be stricken from Mr. Fukuchi's Declaration.

48.     TCCD objects to paragraph No. 12 (App. 127) in the Declaration of Curtis Fukuchi, which states "After Williams was terminated, Lynnelle Brown took over the evening hours that Williams used to work. The staffing has greatly increased: after Williams was terminated, the lab was staffed with four full-time tutors, two part-time tutors, and some peer writing tutors (students who get paid to work part time as writing tutors in the lab)." TCCD objects to this testimony because Dr. Fukuchi has no personal knowledge of who TCCD hired to take over Plaintiff's shift. Dr. Fukuchi has no personal knowledge regarding TCCD's staffing decisions in this arena. TCCD respectfully requests that the Court strike paragraph No. 12 from Mr. Fukuchi's Declaration.

49.     TCCD objects to paragraph No. 13 (App. 127-128) in the Declaration of Curtis Fukuchi, which states "one of my literature students lost her entire draft in the writing lab computer and was near tears, yet persevered and reconstructed her entire paper with Williams' guidance and

encouragement" and "another full-time student was ready to drop all of her classes and quit college altogether due to child care issues at home that interfered with taking daytime classes, but Williams had her get in touch with me to plan an alternative schedule involving online submissions and frequent email communication. Williams herself worked with that student may late nights in the lab, enabling her not only to stay in school, but also to receive an A in every class." TCCD objects to this testimony as hearsay and speculative. TCCD respectfully requests that the Court strike paragraph No. 13 from Dr. Fukuchi's Declaration.

50.     TCCD objects to paragraph No. 14 (App. 128) in the Declaration of Curtis Fukuchi, which states "after Williams left, students who had worked with her before tried to go back to her for help, and I overhead students requesting her specifically and expressing disappointment at her unavailability." TCCD objects to this testimony as hearsay and speculative. TCCD respectfully requests that the Court strike paragraph No. 14 from Dr. Fukuchi's Declaration.

**D.     Declaration of Kerri Wilcox**

51.     TCCD objects to the Declaration of Kerri Wilcox (App.132-133) in her attempts to testify regarding her interactions with Plaintiff over one-year before Plaintiff was terminated because such interactions are not relevant. Simply because Plaintiff had a pleasant interaction with a student over a year before she was terminated does not mean that TCCD's decision to terminate Plaintiff was pretext for discrimination. TCCD objects to this testimony because Kerri Wilcox was not present in the Writing Lab to witness all of Plaintiff's interactions with other students and her supervisors and, therefore, has no personal knowledge of TCCD's reasons for Plaintiff's termination. TCCD respectfully requests that the Court strike Ms. Wilcox's Declaration and not consider same in its ruling on TCCD's MSJ.

52.

**E.      Declaration of Dominique Campos**

53.      TCCD objects to the Declaration of Dominique Campos (App. 134-135) in her attempts to testify regarding her interactions with Plaintiff. Simply because Plaintiff had a pleasant interaction with one student, does not negate the fact that TCCD did receive student complaints against Plaintiff. Moreover, Ms. Campos was not present in the Writing Lab during all of Plaintiff's interactions with other students and her supervisors and, therefore, has no personal knowledge of TCCD's reasons for Plaintiff's termination. TCCD respectfully requests that the Court strike Ms. Campos' Declaration and not consider same in its ruling on TCCD's MSJ.

## PRAYER

TCCD respectfully requests that the Court grant its objections and strike the requested language from Plaintiff's Response and the Appendix in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment.

Respectfully submitted,

By: /s/ Lu Pham
Lu Pham
State Bar No. 15895430
LPham@dphllp.com
Lauren H. McDonald
State Bar No. 24085357
LMcDonald@dphllp.com

DOWELL PHAM HARRISON, LLP
505 Pecan Street, Suite 101
Fort Worth, Texas 76102
Telephone:      (817) 632-6300
Facsimile:      (817) 632-6313

Angela H. Robinson
angela.robinson@tccd.edu

State Bar No. 24006655

TARRANT COUNTY COLLEGE
DISTRICT
1500 Houston Street
Fort Worth, Texas 76102
(817) 515-5242
(817) 515-5150 – Fax
ATTORNEYS FOR DEFENDANT
TARRANT COUNTY COLLEGE
DISTRICT

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been sent via electronic filing and via e-mail on the 9th day of September, 2016, to all parties at following address:

Donald E. Uloth
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 #261
Dallas, Texas 75252
Don.uloth@uloth.pro

/s/ Lu Pham
Lu Pham