IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTY L. WILLIAMS, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:15-cv-00241 |
| | § | |
| TARRANT COUNTY COLLEGE DISTRICT | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

I. Reply ........................................................................................................................................1

    A. Plaintiff's FMLA Claims Are Barred by the Statute of Limitations .............................2

        1. Plaintiff's FMLA Claims(s) Are Subject to the Two Year Limitations Period ..........................................................................................................................2

        2. Plaintiff's FMLA Claims Are Barred Because Plaintiff Failed to Allege a Willful Violation of the FMLA ........................................................................................3

    B. TCCD's Motion for Summary Judgment Does Address Plaintiff's Disability Discrimination Claim on the Basis of Failure to Accommodate ........................................4

    C. Plaintiff's Retaliation Claim Must Be Dismissed Because Plaintiff Failed to Exhaust her Administrative Remedies ...............................................................................5

    D. Plaintiff Is Not a Disabled Person as Defined by the ADA ..........................................6

        1. Plaintiff Has Still Not Presented Any Evidence that She Has a Physical or Mental Impairment that Substantially Limits One or More Major Life Activities ..........................................................................................................................6

        2. Plaintiff Has No Evidence that TCCD Regarded Her as Having a Disability ..........................................................................................................................8

    E. TCCD's Termination of Plaintiff Is Not Pretext for Discrimination .............................9

IV. Conclusion ..................................................................................................................9

Certificate of Service  ......................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*ATI Enterprises, Inc. v. Din,*
413 S.W.3d 247 (Tex. App.—Dallas 2013, no pet.) ..................................................................6, 7

*Brandon v. Klingensmith Healthcare, Inc.,*
2005 WL 3434141 (W.D. Penn. 2005) ............................................................................................7

*Garcia v. City of Laredo, Tex.,*
2014 WL 2815682 (S.D. Tex. June 20, 2014) ........................................................................3, 4

*Gee v. Principi,*
289 F.3d 342 (5th Cir. 2002) ..........................................................................................................6

*Henson v. Bell Helicopter Textron, Inc.,*
128 Fed. Appx. 387 (5th Cir. 2005) ................................................................................................4

*Herrera v. CTS Corp.,*
183 F. Supp. 2d 921 (S.D. Tex. 2002) ............................................................................................8

*Kemp v. Holder,*
610 F.3d 231 (5th Cir. 2010) ..........................................................................................................9

*Lueck v. State,*
325 S.W.3d 752 (Tex. App.—Austin 2010, pet. denied) ................................................................6

*Molina v. DSI Rental, Inc.,*
840 F. Supp. 2d 984 (W.D. Tex. 2012) ...........................................................................................5

*Rhoads v. Bd. Of Educ. of Mad River Local School Dist.,*
103 Fed. App. 888 (6th Cir. 2003) ..................................................................................................7

*Sabrah v. Lucent Technologies, Inc.,*
1998 WL 792503 (N.D. Tex. 1998) ................................................................................................7

*Texas Dept. of Family and Protective Services v. Howard,*
429 S.W.3d 782 (Tex. App.—Dallas 2014, pet. denied) ................................................................4

*White v. Detroit Medical Ctr.,*
No. 15-13829, 2016 WL 443174 (E.D. Mich. Aug. 19, 2016) .......................................................3

**<u>Statutes</u>**

29 U.S.C. § 2617(c) ...................................................................................................................3

42 U.S.C. § 12102(1) ..............................................................................................................7, 8

42 U.S.C. § 12102(2)(A) ............................................................................................................7

Fed. R. Civ. P. 56(a) ...................................................................................................................1

Northern District of Texas Local Rule 7.2(c) ............................................................................1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTY L. WILLIAMS, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:15-cv-00241 |
| | § | |
| TARRANT COUNTY COLLEGE DISTRICT | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

NOW COMES, Tarrant County College District ("**TCCD**"), subject to its objections to Plaintiff's summary judgment evidence, and files its Reply Brief to Plaintiff's Response to the Motion for Summary Judgment. In support, TCCD respectfully shows the Court as follows:

## I.
## REPLY

This Brief is filed subject to Defendant's objections to the evidence utilized by Plaintiff in response to Defendant's Motion for Summary Judgment. Defendant respectfully requests the Court to strike the objectionable evidence and not consider such evidence in its ruling on Defendant's Motion for Summary Judgment.

Plaintiff's Response alleges that she suffered severe mental disabilities and was medically treated throughout her employment at TCC. However, Plaintiff provides no proof supporting her alleged medical conditions, other than her self-serving declaration. Plaintiff never advised TCCD that she suffered from any mental disabilities prior to the November 13, 2012 incident that led to

her termination. Most importantly, Plaintiff NEVER asked for any accommodations for her alleged disability prior to her termination.

A. **Plaintiff's FMLA Claims Are Barred by the Statute of Limitations.**

In her Response, Plaintiff argues that her FMLA claim is not barred by the statute of limitations because: (i) she asserts two types of claims under the FMLA: failure to restore her to her position and retaliation; and (ii) there is a three year limitations period for willful violations of the FMLA. *See* DKT 29 p. 11. Plaintiff's arguments are without merit. First, Plaintiff's Complaint does not indicate that she is asserting two separate claims under the FMLA, and even if Plaintiff were asserting two different claims under the FMLA, both claims are subject to the two year statute of limitations found in 29 U.S.C. § 2617(c). Moreover, Plaintiff never asserted a willful violation under the FMLA. Therefore, Plaintiff's FMLA claim(s) are barred by the statute of limitations.

1. **Plaintiff's FMLA Claim(s) Are Subject to the Two Year Limitations Period.**

Through artful pleading, Plaintiff now argues that she is asserting two separate claims under the FMLA: failure to restore her to her position after a period of FMLA leave and retaliation. However, Plaintiff's Original Complaint is phrased such that it presents a retaliation claim in that she alleges that she engaged in protected activities, and, because of her participation in those activities, TCCD failed to restore her to her former position and terminated her employment. *See* DKT 1 ¶ 26. Based on the manner in which Plaintiff's FMLA claim was pled, TCCD reasonably concluded that Plaintiff was asserting a retaliation claim under the FMLA. Now, for the first time, Plaintiff asserts that she is alleging two distinct violations of the FMLA: failure to return her to former position and retaliation. Nonetheless, Plaintiff fails to realize that even if she were claiming two violations under the FMLA, both claims are subject to the two year limitations period under 29 U.S.C. § 2617(c). SEE 29 U.S.C. SECTION 2617(C); *Garcia v. City of Laredo, Tex.*, 2014 WL

2815682, at *4 (S.D. Tex. June 20, 2014) (cause of action for violation of FMLA rights by refusing to reinstate employee to previous job after she took FMLA leave) ("The statute of limitations for FMLA claims is two years."); *White v. Detroit Medical Ctr.*, No. 15-13829, 2016 WL 443174, at *5 (E.D. Mich. Aug. 19, 2016) ("The statute of limitations for claims arising under the FMLA is two years.").

In *City of Laredo*, for example, the United States District Court for the Southern District of Texas held that a two-year limitations period applied to an interference claim under the FMLA. *City of Laredo, Tex.*, 2014 WL 2815682, at *4-5. In that case, the Plaintiff alleged that Defendants violated her FMLA rights by refusing to reinstate her to her previous job after she took FMLA leave. *Id*. In considering whether Plaintiff's FMLA interference claim was time barred, the Court noted that "the statute of limitations for FMLA claims is two years." *Id*. Therefore, any alleged violation of the FMLA is subject to the two-year statute of limitations, regardless of whether it is an interference or retaliation claim.

In the present case, Plaintiff was terminated on January 7, 2013 and did not file suit until March 30, 2015, approximately 2 years, 2 months and 23 days after her termination. Because Plaintiff failed to file her FMLA claim(s) within the applicable two-year limitations period, Plaintiff's FMLA claim(s) are barred. Therefore, TCCD is entitled to summary judgment on Plaintiff's FMLA claims.

**2.     Plaintiff's FMLA Claims Are Barred Because Plaintiff Failed to Allege a Willful Violation of the FMLA.**

In her Response, Plaintiff now argues that her FMLA claims are not time barred under the three-year limitations period for willful violations of the FMLA. *See* DKT 29 p. 11. Plaintiff is correct that there is a three-year limitations period for willful violations of the FMLA. However,

Plaintiff never pled any willful violation of the FMLA. *See* DKT 1. Because Plaintiff failed to allege a willful violation under the FMLA, Plaintiff's claims are subject to the two-year limitations period and, therefore, barred.

B.   **TCCD's Motion for Summary Judgment Does Address Plaintiff's Disability Discrimination Claim on the Basis of Failure to Accommodate.**

In her Response, Plaintiff claims that TCCD failed to address Plaintiff's disability discrimination claim on the basis of its failure to accommodate. This is simply not true. In her Original Complaint, Plaintiff presented a disability discrimination claim under the ADA and Texas Labor Code. *See* DKT 1. Plaintiff claimed that TCCD discriminated against her by terminating her employment and by failing to provide reasonable accommodations. *See* DKT 1 at ¶¶ 20-21. The elements of a claim for an employer's failure to accommodate a disability overlap with the elements of a disability-discrimination claim. *Texas Dept. of Family and Protective Services v. Howard*, 429 S.W.3d 782, 789 (Tex. App.—Dallas 2014, pet. denied). Both claims require the analysis of whether a plaintiff is a qualified individual with a disability. To be qualified, the employee with a disability must be able to carry out the essential functions of her position, with or without a reasonable accommodation. *Molina v. DSI Rental, Inc.*, 840 F. Supp. 2d 984, 993 (W.D. Tex. 2012).

In its Motion for Summary Judgment, TCCD argued that Plaintiff has no evidence that she suffered from a disability under the ADA or Texas Labor Code. *See* DKT 24 at p. 10-13. Specifically, TCCD asserted that Plaintiff has no evidence that she suffers from any physical or mental impairment that limits one or more major life activities as defined by the ADA or any evidence that her alleged physical or mental condition substantially affects her ability to work a broad range of jobs. Moreover, TCCD argued that Plaintiff cannot demonstrate that she was able

to perform the essential functions of an Instructional Associate and that the accommodations requested by Plaintiff were not reasonable or needed under the ADA because they had no impact on her ability to perform the essential functions of her job. *See* DKT 24 at p. 13-16. For Plaintiff to now claim that TCCD's MSJ did not address her disability discrimination claim on the basis of a failure to accommodate is simply disingenuous.

**C.  Plaintiff's Retaliation Claim Must Be Dismissed Because Plaintiff Failed to Exhaust her Administrative Remedies.**

Plaintiff also claims that her retaliation claim survives TCCD's Motion for Summary Judgment. Again, Plaintiff's argument is flawed. Plaintiff cannot prevail on her retaliation claim because she failed to lodge a retaliation claim with the EEOC. Moreover, Plaintiff cannot meet her *prima facie* case of retaliation. To establish a claim for retaliation, the employee must demonstrate that (1) she engaged in protected activity; (2) the employer took an adverse employment action; and (3) there is a causal link between the protected activity and the adverse employment action. *See Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002).

"Retaliation is a distinct legal theory of liability that is not encompassed by other theories of discrimination." *ATI Enterprises, Inc. v. Din*, 413 S.W.3d 247, 252 (Tex. App.—Dallas 2013, no pet.) (mem. op.). A retaliation claim under the Texas Labor Code requires an exhaustion of administrative remedies that begins by filing a complaint with the TWC or EEOC. *Lueck v. State*, 325 S.W.3d 752, 761-62 (Tex. App.—Austin 2010, pet. denied). Plaintiff failed to exhaust her administrative remedies by failing to assert a claim for retaliation in her charge of discrimination filed with the TWC. *See Plaintiff's Charge of Discrimination, App. 1*. Because Plaintiff failed to exhaust her administrative remedies as to her retaliation claim, this Court does not have subject

matter jurisdiction over Plaintiff's retaliation claim. Therefore, Plaintiff's retaliation claim must be dismissed. *See Din*, 413 S.W.3d 253-54.

**D.      Plaintiff Is Not a Disabled Person as Defined by the ADA.**

In her Response, Plaintiff claims she qualifies as disabled person under the ADA because she has an actual disability and meets the "regarded as" definition of disability. TCCD will address each of these points below:

**1. Plaintiff Has Still Not Presented any Evidence that She Has A Physical or Mental Impairment that Substantially Limits One or More Major Life Activities.**

Under the first prong definition of a disability under the ADA, an individual must have a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(1). The ADA defines major life activities as including, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating and working." *Id*. at § 12102(2)(A). Plaintiff has no evidence that she suffers from an actual disability as defined by the ADA. Plaintiff's self-serving affidavit without any supporting medical documentation is insufficient as a matter of law to prove that she is disabled as defined by the ADA. *See Sabrah v. Lucent Technologies, Inc.*, 1998 WL 792503, at * 9 (N.D. Tex. 1998) (concluding that Plaintiff who only presented her own testimony regarding her physical impairment, without any medical reports or other medical evidence, failed to support a claim that she suffered from a physical impairment under the ADA); *Brandon v. Klingensmith Healthcare, Inc.*, 2005 WL 3434141 (W.D. Penn. 2005) ("where a Plaintiff relies solely on her own statements to show that she has been substantially limited in a major life activity, the likelihood that she will be able to establish a disability within the meaning of the ADA is diminished."); *See Rhoads v.*

*Bd. Of Educ. of Mad River Local School Dist.*, 103 Fed. App. 888, 893 (6th Cir. 2003) (stating that plaintiff cannot establish disability condition merely by providing self-serving conclusory statements that disability limits ability to perform major life activity).

Plaintiff has no evidence that any alleged physical or mental impairment substantially limits a major life activity. In her sworn deposition testimony, Plaintiff only alleged that prior to November 13, 2012 (her last day of physically working at TCCD), her medical conditions only impacted her ability to date and socialize. *See Appendix in Support of Defendant's Brief in Support of Motion for Summary Judgment, DKT 25, App. 50-51*. As stated in Defendant's Brief, neither socializing nor dating are considered major life activities protected by the ADA. *See Defendant's Brief In Support of Motion for Summary Judgment, DKT 24, p. 10-11*. Defendant's counsel asked Plaintiff several times during her deposition whether any of her alleged physical impairments substantially limited a major life activity. Despite having several opportunities to elaborate how on her physical or mental impairments affected a major life activity, Plaintiff only claimed that her ability to socialize and date were impacted.

Plaintiff also has presented no evidence that her alleged disability affects her ability to work a broad range of jobs. In fact, Plaintiff's Response does not address how her alleged disability affects her ability to perform a class of jobs or broad range of jobs. To the extent Plaintiff alleges that her conditions affected her ability to work, TCCD maintains that Plaintiff has presented no evidence to support such a claim.

In an attempt to avoid summary judgment, Plaintiff now provides a self-serving and unsupported declaration in which she alleges a wide range of physical and mental impairments—all directly contradicting her earlier deposition testimony. A party may not defeat a motion for summary judgment by using an affidavit that, without explanation, impeaches prior testimony.

*Herrera v. CTS Corp.*, 183 F. Supp. 2d 921, 928 (S.D. Tex. 2002). "If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Id*. Because Plaintiff's new contentions directly contradict her sworn deposition testimony, TCCD respectfully requests that the Court disregard these statements in Plaintiff's declaration.

**2. Plaintiff Has No Evidence that TCCD Regarded Her as Having a Disability.**

The second prong definition of a disability under the ADA states that an individual has a disability under the ADA if he or she is regarded as having such an impairment. 42 U.S.C. § 12102(1). In her Response, Plaintiff claims that TCCD meets the "regarded as" definition of disability without providing any explanation or evidence to support such a claim.

To meet the standard of being "regarded as" having a disability, a plaintiff must show either that "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities; or (2) a covered entity mistakenly believes that an actual, non-limiting impairment substantially limits one or more major life activities." *Kemp v. Holder*, 610 F.3d 231, 237 (5th Cir. 2010). Both of these elements require "that the plaintiff demonstrate that the employer actually entertained misperceptions about the individual--it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting." *Id*. (internal quotations omitted). Neither situation exists in the case at hand. Plaintiff has not presented any alleged evidence that TCCD believed that she had an impairment that substantially limited a major life activity or that TCCD believed that an actual, non-limiting impairment substantially limited one of Plaintiff's major life activities. Because Plaintiff has no evidence that

TCCD regarded her as having a disability, Plaintiff cannot avail herself of this definition of a disability under the ADA. Because Plaintiff is not a disabled individual as defined by the ADA, her disability discrimination claim and her failure to accommodate claims fail as a matter of law.

**E.    TCCD's Termination of Plaintiff Is Not Pretext for Discrimination.**

In attempt to rebut TCCD's reasons for her termination, Plaintiff relies on the Declaration of English Professor Dr. Curtis Fukuchi. Plaintiff's efforts are misplaced. Dr. Fukuchi only spent approximately two to eight hours per week in the Writing Lab and, therefore, was not privy to all the interactions of the writing tutors and their supervisors. *See Declaration of Dr. Fukuchi attached as App. 2-4*. As such, Dr. Fukuchi states that he cannot testify as to whether the incidents that led to Plaintiff's termination did or did not occur. *See App. 2-4*. Likewise, Plaintiff's use of the declarations of two TCCD students is misguided. These students were not present in the Writing Lab during every shift that Plaintiff worked. As such, these two students cannot testify as to whether the incidents that led to Plaintiff's termination did or did not occur. Therefore, Plaintiff is unable to show that TCCD's reasons for Plaintiff's termination are pretext for discrimination and, as such, TCCD is entitled to summary judgment.

## II.
## CONCLUSION

For these reasons as well as the reasons listed in Defendant's Brief in Support of its Motion for Summary Judgment, Plaintiff's claims should be dismissed as a matter of law.

Respectfully submitted,

By: /s/ Lu Pham
Lu Pham
State Bar No. 15895430
LPham@dphllp.com
Lauren H. McDonald
State Bar No. 24085357

        LMcDonald@dphllp.com

        DOWELL PHAM HARRISON, LLP
        505 Pecan Street, Suite 101
        Fort Worth, Texas 76102
        Telephone:   (817) 632-6300
        Facsimile:    (817) 632-6313

        Angela H. Robinson
        angela.robinson@tccd.edu
        State Bar No. 24006655

        TARRANT COUNTY COLLEGE
        DISTRICT
        1500 Houston Street
        Fort Worth, Texas 76102
        (817) 515-5242
        (817) 515-5150 – Fax
        ATTORNEYS FOR DEFENDANT
        TARRANT COUNTY COLLEGE
        DISTRICT

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing instrument has been sent via electronic filing and via e-mail on the 9th day of September, 2016, to all parties at following address:

Donald E. Uloth
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 #261
Dallas, Texas 75252
Don.uloth@uloth.pro

        /s/ Lu Pham
        Lu Pham