IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTY L. WILLIAMS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-cv-00241-O |
| | § | |
| TARRANT COUNTY COLLEGE DISTRICT, | § | |
| Defendant | § | |

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff Christy L. Williams requests that the Court enter an order before the start of jury selection in this case providing that Defendant, its attorneys, and all witnesses called by Defendant may not mention, or offer evidence, concerning the matters described below, without first approaching the bench, out of the presence of the jury, to seek permission to mention such matters.

The matters described below are not admissible in evidence for any purpose, having no bearing on the issues in this case.  Allowing the interrogation of witnesses, comments to jurors or prospective jurors, or offering evidence on any of the following matters would only prejudice and confuse the jury.  Furthermore, sustaining an objection to any such questions, statements, or evidence, and/or giving a limiting instruction, would not prevent or undo the prejudice, but merely would reinforce the weight of the inadmissible evidence.

The matters which are the subject of this motion are:

**1.     Findings and conclusions of the TWC and EEOC.**

The written findings of the Texas Workforce Commission ("TWC") and/or the Equal Employment Opportunity Commission ("EEOC") should be excluded because their findings and conclusions are irrelevant.  *See* Fed. R. Evid. 401.  The jury which hears this case should be

allowed to decide the case on its own merits, free from the taint of conclusions made and findings reached by someone else who may not have heard or considered evidence that our jury will hear.  Any mention of findings made by these governmental agencies would be unduly prejudicial because a juror could view the finding as authoritative on a matter, given that it comes from a government agency.  Therefore, any potential relevance is outweighed by other factors and the Court may exclude such evidence pursuant to Rule 403.  Allowing evidence of such matters could also lengthen the trial due to the possibility that testimony would be needed concerning what kind of investigation the agency did and what evidence it considered.

> 2.     **Criticisms of Plaintiff's Performance that are Remote in Time**

Defendant's complaints regarding Plaintiff from Fall 2011 are too remote in time to be relevant; evidence about acts that occurred long ago have no tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence.  *See* Fed. R. Evid. 401 and 402.  The Court should there prohibit any testimony or documentary evidence of these events.  Even if there were some relevance, the Court may exclude it if its probative value is substantially outweighed by the dangers of unfair prejudice, confusion, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

> 3.     **Allegations of Failure to Mitigate**

To carry its burden of proof on the affirmative defense of failure to mitigate damages, Defendant has to show that Plaintiff failed to use reasonable diligence in seeking other employment, and that comparable jobs were available that she could have found of she had looked.  *Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972).  Plaintiff asked TCCD, in an interrogatory, to state the facts supporting its defense and to identify any substantially equivalent

positions Plaintiff should have applied for. Defendant's answer failed to identify even a single job, and on the issue of Plaintiff's diligence the Defendant merely claimed that Plaintiff did not produce enough evidence that she had sought substantially equivalent employment. This is insufficient as a matter of law to establish a mitigation defense.

Plaintiff therefore requests an order precluding Defendant and any of its witnesses or attorneys from stating or suggesting that Plaintiff failed to look hard enough for another job or failed to mitigate her damages.

### Instruction to Witnesses

In the Court's order, Plaintiff ask the Court to require Defendant's attorneys to personally inform each witness to be called by Defendant of the existence and contents of the Court's order.

WHEREFORE, Plaintiff requests entry of an appropriate order.

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 725-0260
Fax: (866) 462-6179
don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF CONFERENCE

I certify that on September 30, 2016, I conferred with Lauren McDonald, counsel for Defendant, regarding the relief requested in the foregoing motion. The motion is opposed.

/s/ Donald E. Uloth
Donald E. Uloth

CERTIFICATE OF SERVICE

    I certify that on September 30, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to all counsel for Defendant.

                                        /s/  Donald E. Uloth
                                        Donald E. Uloth