IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CHRISTY L. WILLIAMS,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:15-cv-00241-O |
| **TARRANT COUNTY COLLEGE DISTRICT, agent of TARRANT COUNTY COLLEGE,** | § § § § § | |
| Defendant. | § § | |

## ORDER

Before the Court are Defendant Tarrant County College District's ("TCCD") Motion for Summary Judgment, Brief, and Appendix in Support (ECF Nos. 23–25), filed July 22, 2016; Plaintiff Christy Williams's Response, Amended Brief, and Appendix in Support (ECF Nos. 28, 30, 33), filed August 19, 2016, and August 23, 2016; and TCCD's Reply and Appendix in Support (ECF Nos. 37, 38), filed September 9, 2016.

Having considered the motion, briefing, and applicable law the Court finds that TCCD's Motion for Summary Judgment should be and is hereby **GRANTED**.

**I.   BACKGROUND**

In 2009, Plaintiff Christy Williams began working for TCCD as an Instructional Assistant in the Writing Lab at its Northwest Campus in Fort Worth, Texas. Compl. ¶ 6, ECF No. 1. According to Williams, she was good at her job and regularly received positive comments from the students she tutored. Am. Resp. 2, 4, ECF No. 33. She alleges that during her employment she was suffering from several major disabilities, including Post-Traumatic Stress Disorder

1

("PTSD"), hypothyroidism, ADHD, depression, anxiety, and dysthymia. Compl. ¶ 7; Am. Resp. 5, ECF No. 33. At times, "these conditions caused . . . heavy sweating, shaking hands, pounding heart, headaches, body aches, nausea, and dizziness." Compl. ¶ 7.

In February 2012, Williams was assaulted in a context unrelated to work. Compl. ¶ 9; Am. Resp. 6, ECF No. 33. According to Williams, the assault aggravated the symptoms of her disabilities, which had previously been under control. Am. Resp. 6, ECF No. 33. On November 13, 2012, Williams met with her supervisor Conrad Herrera, Department Chair Anita Biber, and Department Dean Christine Hubbard to discuss Williams's "Annual Administrative Performance Evaluation." Br. Mot. Summ. J. 4, ECF No. 24. At the meeting, Ms. Biber told Williams that another employee had "expressed concerns that Plaintiff was 'very put-out' and rude to her" when she took students to the writing lab. *Id.* at 4. This news agitated Williams and she began to cry "uncontrollably." *Id.*; Am. Resp. 7, ECF No. 33. She remained in the writing lab for several hours before she was composed enough to leave campus. *Id.*; Am. Resp. 7, ECF No. 33. Williams was placed on administrative leave at that time. Br. Mot. Summ. J. 5, ECF No. 24.

Williams states that the November 13 meeting "caused acute symptoms of her conditions to flare up, such as anxiety, depression, and greater difficulty concentrating." Compl. ¶ 3. According to Williams, during her leave she saw her general practitioner, who determined that "her TSH levels were too low," presumably indicating hypothyroidism. Am. Resp. 7, ECF No. 33. She also saw her psychiatrist, who completed forms provided by TCCD for short-term disability benefits and leave under the Family and Medical Leave Act ("FMLA"). *Id.* The forms indicated Williams had severe depression, decreased concentration, lack of interest, and difficulty eating and sleeping. App. Resp., Ex. 12 ("Dearborn Form"), App. 57–59, ECF No. 30-1; App. Resp., Ex. 14 ("Dep't Labor Certification"), App. 61–64. On December 13, 2012, after receiving

the "TSH" results, Williams sent an email to Mr. Herrera, Ms. Biber, and Ms. Hubbard, informing them that doctors had "discovered a relevant biological imbalance in [her] body." Am. Resp. 7, ECF No. 33.  TCCD objects to the admission of these forms and evidence related to Williams's thyroid disorder.  *See* Def.'s Obj. ¶¶ 32, 34, ECF No. 36.

Williams did not return to campus until January 2, 2013, when she met with Associate Vice Chancellor of Human Resources Ricardo Coronado and EEO Employment Relations Representative Sharion Marshall.  Br. Mot. Summ. J. 5, ECF No. 24.  At the meeting, Williams gave Coronado a Certification of Fitness for Duty form completed by her doctor, which certified that she could return to work that day.  *Id.* at 6; *see* App. Mot. Summ. J. ("Certification Form"), App. 19–20, ECF No. 25.  On the form, Williams's doctor had checked a box indicating that Williams could work without restrictions and did not mark any boxes provided on the next page to indicate specific restrictions.  *Id*.  However, in the section titled "Other Instructions," Williams's doctor wrote, "Please make reasonable accommodations."  *Id.*

TCCD maintains that the parties did not discuss the form at the January 2 meeting and that Williams made no reference to a disability nor any accommodations that she might need.  Br. Mot. Summ. J. 6, ECF No. 24. According to TCCD, Mr. Coronado discussed a number of performance issues raised in memoranda written by Ms. Hubbard and Ms. Biber.  *Id.* at 5.  Williams contends that she and Mr. Coronado discussed potential accommodations and specifically identified additional staff at the writing lab as a reasonable accommodation.  Am. Resp. 8, ECF No. 33; App. Resp. ("Williams Declaration"), App. 19, ECF No. 30-1.

After the meeting, Williams returned home, and on January 7, 2013, Ms. Marshall called Williams to inform her she was terminated for past performance.  Br. Mot. Summ. J. 7, ECF No. 24.  On July 8, 2013, Williams filed a charge of age and disability discrimination with the Texas

3

Workforce Commission. *Id*. TCCD contested the charge. *Id*. Then on March 30, 2015, Williams filed this suit against TCCD alleging (1) disability discrimination, failure-to-accommodate, and retaliation under the Americans with Disability Act ("ADA") and the Texas Commission on Human Rights Act ("TCHRA"); and (2) violations of the Family Medical Leave Act ("FMLA"). *See generally* Compl., ECF No. 1.

TCCD contends that Williams was terminated for "poor performance." According to TCCD, during the fall of 2011, Williams "had confrontations with other staff members at TCCD and received student complaints." Br. Mot. Summ. J. 2, ECF No. 24. TCCD cites two specific examples. First on September 30, 2011, it was reported to TCCD that Williams confronted a student, in front of two other writing lab employees, "for not returning a tutoring form and spoke in an angry, loud tone to the student." *Id.* at 3. Williams's supervisor, Mr. Herrera, witnessed the event. *Id*. Then on October 20, 2011, Williams had a confrontation with a student worker and the student worker reported that Williams called him a "smart-ass." *Id*. at 2. As a result of the confrontation, the student worker had to be relocated to a different position. *Id.* According to TCCD, Williams was assigned two professional development assignments "[b]ecause of these confrontations and other student complaints." *Id.* at 3.

Williams does not dispute that these events occurred, but she contests TCCD's account. *See generally* Williams Declaration, App. 3–22, ECF No. 30-1. She also states that she was never informed the professional development was assigned because of inappropriate behavior. *Id.* at 9.

TCCD further alleges that "[t]hese confrontations and student complaints continued throughout the 2012 calendar year." Br. Mot. Summ. J. 3, ECF No. 24. In spring of 2012, Williams and her supervisor Mr. Herrera had a confrontation. *Id*. According to TCCD, Williams told Mr. Herrera "that he was incompetent, a bad manager because of his limited experience and

4

knowledge base, and that she did not want to work for him anymore." *Id*. Williams alleges that Mr. Herrera yelled at her and she had a flashback to her assault. Williams Declaration, App. 8. Both parties agree that after this meeting Williams and Mr. Herrera could no longer meet without a third-party present. Br. Mot. Summ. J. 3, ECF No. 24; Williams Declaration, App. 9.

On April 27, 2012, another TCCD employee reported that she saw Williams in the parking lot having "an altercation" with a young woman presumed to be a student. Br. Mot. Summ. J. 3–4, ECF No. 24. According to the employee, Williams's "voice was loud enough that she could hear the argument approximately 10 cars away." *Id.* at 4. The employee expressed concern for Williams's "aggressive and hostile attitude." *Id*. Lastly, a student called Mr. Herrera on September 12, 2012, complaining that Williams was "unprofessional, mean, and would not help her edit her paper." Br. Mot. Summ. J. 4, ECF No. 24.

Based on these events, the meeting on November 13, 2016, and general allegations of inappropriate behavior, TCCD contends that Williams was terminated for poor performance and moves for summary judgment on Williams's claims. TCCD argues: (1) Williams's FMLA retaliation claim is barred by the statute of limitations; (2) Williams cannot establish one or more elements of her ADA and TCHRA claims; and (3) Williams cannot show that TCCD's non-discriminatory justification for her termination is pretextual. *Id.* at 2.

## II.     LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Rule 56(c) places the initial burden on the moving party to identify those portions of the record that it believes demonstrate the absence

of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp.,* 477 U.S. at 323; Fed. R. Civ. P. 56(c).

When the moving party has carried its burden of demonstrating the absence of a genuine dispute of material fact, the nonmoving party bears the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

### III. ANALYSIS

The Court considers Williams's FMLA and ADA/TCHRA claims in turn.

#### A. Statute of Limitations under FMLA

TCCD moves for summary judgment on Williams's FMLA retaliation claim, arguing that her claim is barred by the two-year statute of limitations. Br. Mot. Summ. J. 9, ECF No. 24. A

6

suit for violation of the FMLA must be brought within two years of the last event constituting the alleged violation. 29 U.S.C. § 2617(c)(1). It is undisputed that Williams's suit was brought after the two-year limitations period had expired. Br. Mot. Summ. J. 9, ECF No. 9. However, Williams contends that she has pleaded a claim for willful violation of the FMLA, which is subject to a three-year statute of limitations. Am. Resp. 11, ECF No. 33; *see* 29 U.S.C. § 2617(c)(2). In reply, TCCD argues that Williams failed to plead a willful violation of the FMLA in her Complaint and such a claim is therefore barred. Reply 3, ECF No. 37.

TCCD is correct that Williams does not expressly allege a willful violation of the FMLA in her complaint. *See* Compl. ¶¶ 24–27, ECF No. 1. However, the paragraph immediately preceding her FMLA claim states that TCCD's alleged violations of the ADA and the TCHRA "were knowing and intentional, or in reckless disregard of Plaintiff's rights." *Id.* ¶ 23. This is the standard for willfulness under the FMLA. "To establish a willful violation of the FMLA, a plaintiff must show that his employer 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute.'" *Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 393 (5th Cir. 2005) (quoting *Hillstrom v. Best W. TLC Hotel,* 354 F.3d 27, 33 (1st Cir. 2003)).

"Rule 8(f) of the Federal Rules of Civil Procedure requires that the court construe all pleadings to do substantial justice. This means that federal courts should construe the pleadings in favor of the pleader." *Keim v. City of El Paso*, 162 F.3d 1159, *4 (5th Cir. 1998) (citations omitted) (citing Fed. R. Civ. P. 8(f); *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969)). Under this standard, the Court is required to construe Williams's claim that TCCD actions were "knowing, intentional, or in reckless disregard" of her rights as incorporated into her FMLA claims. Therefore, Williams did state a claim for willful violation of the FMLA.

However, Williams failed to offer any summary judgment evidence supporting a claim for willfulness.[1] Nor did the Court independently find any such evidence. "Because [Williams] has not provided evidence that [TCCD] acted willfully, the two-year statute-of-limitations period applies." *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 553 (5th Cir. 2009). Therefore, Williams's FMLA retaliation claim is time barred.

Plaintiff also contends that TCCD did not address her failure-to-restore FMLA claim and, therefore, that aspect of her FMLA claim must survive summary judgment. Am. Resp. 12, ECF No. 33. The Court declines to engage in such nuanced parsing of TCCD's motion for summary judgment. TCCD clearly moved for summary judgment as to Williams's entire complaint, even if it specifically identified only Williams's retaliation FMLA claim. *See* Mot. Summ. J. 1, ECF No. 23.

As the FMLA statute of limitations applies equally to Williams's retaliation and failure-to-restore claims and Williams provided no more evidence of willfulness as to her failure-to-restore claim, as she did for her retaliation claim, Williams's failure-to-restore claim is also time barred. *See* 29 U.S.C. § 2617(c). Therefore, summary judgment is **GRANTED** as to Plaintiff's retaliation and failure-to-restore FMLA claims.

**B.    Americans with Disabilities Act and Texas Labor Code**

---

[1] While Williams did not brief whether there was a material fact issue as to her willfulness claim, the Court finds that consideration of the issue is appropriate here. TCCD moved for summary judgment on each of Williams's claims and specifically moved for summary judgment on her FMLA claim. Mot. Summ J. ¶ 1, ECF No. 23. Therefore, even though TCCD based its initial FMLA argument on the two-year statute of limitations, the motion gave Williams ample notice that she was required to provide summary judgment evidence supporting her defense that she was alleging a willful violation of the FMLA. *See Apache Corp. v. W & T Offshore, Inc.*, 626 F.3d 789, 798–99 (5th Cir. 2010) (finding party "had ample notice and opportunity to object to the scope of relief prayed for" in a summary judgment motion where opposing party "affirmatively requested dismissal of the complaint as a whole").

TCCD also moves for summary judgment on Williams's ADA and TCHRA claims. The TCHRA was intended to correlate with federal employment discrimination law. *See Spinks v. Trugreen Landcare, L.L.C.*, 322 F. Supp. 2d 784, 791 (S.D. Tex. 2004) (citing Texas Lab. Code Ann. § 21.001 (Vernon 1996); *M.D. Anderson Hosp. and Tumor Inst. v. Willrich,* 28 S.W.3d 22, 24 (Tex. 2000)). Therefore, federal courts apply the same burden-shifting analysis to TCHRA claims that it applies to other ADA claims. *M.D. Anderson Hosp.*, 28 S.W.3d at 24. Accordingly, the Court's TCHRA analysis is incorporated into its ADA analysis unless stated otherwise.

The Court examines Williams's discrimination, failure-to-accommodate, and retaliation claims in turn.

1. <u>Discriminatory Termination Claim</u>

The ADA prohibits a covered employer from discriminating against a qualified individual with a disability because of such disability. 42 U.S.C. § 12112(a). To withstand an employer's motion for summary judgment on an ADA claim, plaintiff must present evidence, which can be direct or circumstantial, sufficient to create a genuine issue of fact that she was discriminated against by an employer. *See E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014).

When a plaintiff relies on circumstantial evidence to prove discrimination under the ADA, the court must evaluate the case within the burden-shifting framework erected by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. *See E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 615 (5th Cir. 2009). Under this framework, plaintiff must first make a *prima facie* case of discriminatory termination, demonstrating: (1) that she has a disability; (2) that she was qualified for the job; and (3) that she was subject to an adverse employment decision on account of her disability. *LHC Grp., Inc.*, 773 F.3d at 697 (citing *Zenor v. El Paso Healthcare Sys., Ltd.,* 176 F.3d 847, 853 (5th Cir. 1999)).

9

Once plaintiff makes a *prima facie* case, the burden shifts to defendant to articulate a legitimate, non-discriminatory reason for the challenged employment decision. Once defendant articulates a legitimate, nondiscriminatory reason for the employment decision at issue, plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that defendant's reason is not true, but is instead a pretext for discrimination; or (2) that defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic. *LHC Grp.*, 773 F.3d at 702 (quoting *Rachid v. Jack In The Box, Inc.,* 376 F.3d 305, 312 (5th Cir. 2004)).

TCCD contends that Williams cannot establish a *prima facie* case of discrimination because (1) she has no evidence of a disability that substantially limited one of more major life activities; (2) she cannot prove that she could perform the essential functions of the job; and (3) she has no evidence that she was treated less favorably than other employees. Br. Mot. Summ. J. 10, ECF No. 24.

### a. Disabled under the ADA

The ADA defines disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1). Under this definition, a plaintiff must demonstrate both that she has an impairment and that such impairment substantially limits a major life activity. *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002) (citing 42 U.S.C. § 12102(2)(A)). To be substantially limited means to be "unable to perform a major life activity that the average person in the general population can perform, or to be significantly restricted in the ability to perform it." *Chevron Phillips*, 570 F.3d at 614–15 (citing 29 C.F.R. § 1630.2(j)). "In determining whether an individual is substantially limited in a major

life activity, the EEOC advises that courts should consider: '(i) the nature and severity of the impairment; (ii) the duration or expected duration of the impairment; and (iii) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.'" *Id*.

TCCD does not dispute that Williams may have an impairment but contends that Williams has failed to provide evidence that such impairment substantially limits a major life activity. Br. Mot. Summ. J. 10–11, ECF No. 24. Williams's primary evidence of a substantial limitation is her own declaration and the FMLA leave and short-term disability forms completed by Williams and her treating physician. *See* Williams Declaration, App. 17–21, ECF No. 30-1; Dearborn Claim Form, App. 57–59; Dep't Labor Certification, App. 61–64.[2] However, TCCD objects to both claim forms and most of Williams's declaration. *See generally* Def.'s Obj., ECF No. 36.

TCCD correctly contends that the FMLA leave and short-term disability claim forms are inadmissible hearsay if offered as evidence of Williams's disability. Def.'s Obj. ¶¶ 32, 35. The forms constitute statements from Williams's physician on the limitations imposed by her impairments and the documents are not supported by business records affidavits or an affidavit from her physician. *See* Fed. R. Evid. 803(6). In response, Williams contends that the forms are not hearsay because they are offered as proof that TCCD was on notice of her disability, not as proof of her disability. Pl.'s Resp. Obj. 8, ECF No. 64. As Williams has conceded that the forms are not evidence of a disability, the Court does not consider them here.

---

[2] Williams also submits what appear to be blood test results as evidence of her hypothyroidism. App. Resp., Ex. 13, App. 60, ECF No. 30-1; *see also* Williams Declaration ¶ 48, ECF No. 30-1. However, Williams is not qualified as a medical expert to testify as to the meaning of the test, and the results are not supported by medical testimony. *See* Def.'s Obj. ¶ 34, ECF No. 36. Therefore, the Court does not consider the exhibit here.

11

TCCD also objects to most portions of Williams's Declaration. Def.'s Obj. ¶¶ 1-38, ECF No. 36. However, the Court does not consider those objections here because Williams's declaration alone, even if accepted in whole, is insufficient summary judgment evidence to raise a material fact issue as to a substantial limitation. Williams states in conclusory fashion that her impairments make it difficult think, concentrate, take care of herself, sleep, and live a normal life. Williams Declaration, App. 20–21, ECF No. 30-1. This self-serving declaration, without medical documentation or support, is not sufficient for a reasonable jury to find that, at the time of discharge, Williams's impairments substantially limited a major life activity. *See Sabrah v. Lucent Techs., Inc.*, No. 3:96-CV-2827-D, 1998 WL 792503, at *9 (N.D. Tex. Nov. 6, 1998) (Fitzwater, J.) aff'd, 200 F.3d 815 (5th Cir. 1999) (finding deposition testimony of plaintiff without medical reports or medical evidence supporting her disability claim insufficient to raise fact issue at summary judgment) (citing *Boren v. Wolverine Tube, Inc.*, 966 F. Supp. 457, 462 (N.D. Miss. 1997); *Farley v. Gibson Container, Inc.*, 891 F. Supp. 322, 326 (N.D. Miss. 1995); *Maulding v. Sullivan*, 961 F.2d 694, 698 (8th Cir. 1992)); *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 656 (5th Cir. 2003) (finding plaintiff's conclusion that alleged impairment substantially limited major life functions was insufficient evidence of a substantially limiting disability).

Further, Williams's testimony is contradicted by the Certification of Fitness for Duty form she submitted to Mr. Herrera. The form indicated that she was "able to work a full, regularly scheduled day with no restrictions" and it was signed by her physician. *See* Certification Form, App. 19, ECF No. 25. This does not suggest a person who has difficulty leading a normal life.

In the absence of documentation of a substantial limitation, the Court concludes that Williams has failed to create a material issue of fact as to whether she is disabled within the terms of the ADA.

### b. "Regarded As" Disabled

Williams also claims TCCD "regarded her as disabled." Compl. ¶ 18, ECF No. 1. TCCD did not address Williams's "regarded as" claim in its brief in support of its summary judgment motion, focusing instead on whether Williams was disabled under the ADA. *See generally* Br. Mot. Summ. J., ECF No. 24. In her response to the motion, Williams argues that, due to TCCD's failure to address her "regarded as" claim, the claim survives summary judgment and proceeds to trial on the merits. Am. Resp. 19, ECF No. 33. Once again, the Court declines to parse TCCD's summary judgment motion in this manner. TCCD moved for summary judgment on each of Williams's claims and addressed Williams's "regarded as" claim in its reply. *See* Reply 8–9, ECF No. 37.

Therefore, the Court considers on summary judgment whether Williams has presented evidence that TCCD regarded her as having an impairment that substantially limits a major life activity. *See Kemp v. Holder*, 610 F.3d 231, 236–37 (5th Cir. 2010) (citing 42 U.S.C. § 12102(1)(C)). To establish a "regarded-as" claim, Williams must show either that (1) TCCD mistakenly believed that she had an impairment that limited a major life activity; or (2) TCCD believed that an actual, non-limiting impairment substantially limited a major life activity. *Id.* at 236–37 (quoting *Sutton v. United Airlines*, 527 U.S. 471, 489 (1999)).

Williams did not move for leave to file a sur-reply to address TCCD's arguments and did not point to any evidence in the record supporting her "regarded as" claim in her response, relying solely on the fact that TCCD had not addressed the issue in its initial brief. Am. Resp. 19, ECF No. 33. The Court is not obligated to go looking for fact issues unidentified by Williams but considers the evidence identified by Williams in relation to other issues to determine if there is evidence Williams was regarded as disabled. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir.

2003) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 916 (5th Cir. 1992)) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.").

In her declaration, Williams states that she told her immediate supervisors Mr. Herrera and Ms. Biber about her PTSD, depression, anxiety, and ADHD prior to the events on November 13, 2012. Williams Declaration, App. 11, ECF No. 30-1. Then Williams informed her supervisors, in an email following the November 13, 2012 incident, that she had been diagnosed with a "biological imbalance." App. Resp., Ex. 15, App. 65, ECF No. 30-1. Additionally, the FMLA leave and short-term disability forms excluded in considering whether Williams had a disability may be considered here as proof of notice to TCCD. *See* Dearborn Claim Form, App. 57–59, ECF No. 30-1; Dep't Labor Certification, App. 61–64, ECF No. 30-1.

While the two forms outline limitations to major life activities, Williams presents no evidence as to who received the forms. To establish a "regarded as" claim, Williams must show that the supervisors she alleges took the discriminatory action—in this case Mr. Herrera, Ms. Biber, Ms. Hubbard, or Mr. Coronoado—perceived and treated her as having a disability. *See Deas v. River W., L.P.*, 152 F.3d 471, 476 (5th Cir. 1998) ("Under the 'regarded as' prong, the disability status of the plaintiff turns not on the plaintiff's physical condition, but rather on how the plaintiff was perceived and treated by those individuals alleged to have taken discriminatory action."). Without evidence that her supervisors received these forms, Williams cannot show that they had any grounds to believe her impairments substantially limited a major life activity. Williams offers no other evidence that, even if her supervisors were aware of her impairments, they regarded her as substantially limited in any major life activity. The mere fact that Williams

notified her supervisors of alleged impairments is not sufficient evidence for a reasonable jury to conclude that Williams's supervisors regarded her as disabled. *See Dupre v. Charter Behavioral Health Sys. of Lafayette Inc.*, 242 F.3d 610, 616 (5th Cir. 2001); *Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1051–52 (5th Cir. 1998).

As Williams has failed to establish the she was disabled at the time she was terminated or that her supervisors regarded her as disabled, she cannot establish a critical element of her discriminatory termination claim. Therefore, summary judgment as to Williams's discriminatory termination claim is **GRANTED**.

### 2. Failure-to-Accommodate Claim

Williams has also alleged a failure-to-accommodate claim. Compl. ¶ 21, ECF No. 1. Williams contends that TCCD failed to address this claim in its motion for summary judgment and it, therefore, survives to trial. Am. Resp. 12–13, ECF No. 33. TCCD argues that it addressed Williams's failure-to-accommodate claim by showing Williams was not disabled under the terms of the ADA. Reply 4–5, ECF No. 37. The Court agrees. As with a discrimination claim, to establish a failure-to-accommodate claim under the ADA or the TCHRA, Williams must prove that she is a qualified individual with a disability. *Feist v. La., Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013); *Texas Dep't of Family & Protective Servs. v. Howard*, 429 S.W.3d 782, 789 (Tex. App.—Dallas 2014, pet. denied). Because Williams has not carried her burden to show that she is disabled, summary judgment is **GRANTED** as to Williams's failure-to-accommodate claim.

### 3. Retaliation Claim

Lastly, Williams alleges a retaliation claim. She argues that TCCD did not address this claim in its motion for summary judgment and it, therefore, survives to trial. Compl. ¶ 22, ECF

No. 1; Am. Resp. 36, ECF No. 33. Once again, this argument fails. TCCD moved for summary judgment as to each of Williams's claims and addressed the retaliation claim in its reply. Mot. Summ. J. 1, ECF No. 23; Reply 5–6, ECF No. 37. Therefore, the Court considers Williams's retaliation claim here.[3]

TCCD contends that Williams cannot prevail on her retaliation claim because she failed to exhaust her administrative remedies. Reply 5–6, ECF No. 37. Under the TCHRA and the ADA, a plaintiff must exhaust administrative remedies by filing a charge with the TWC or EEOC. *Lueck v. State*, 325 S.W.3d 752, 761–62 (Tex. App.—Austin 2010, pet. denied) (TCHRA); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (ADA). The charge must indicate what claims a plaintiff alleges before those claims may be pursued in court. *Id.* Therefore, a retaliation claim must be specifically indicated on the charge for a plaintiff to exhaust her administrative remedies as to the retaliation claim. *See Miller v. Sw. Bell Tel. Co.*, 51 F. App'x 928 (5th Cir. 2002) ("This court concludes that because Miller did not check the correct box on the EEOC complaint form or otherwise disclose his retaliation claim and thereby exhaust his administrative remedies, he is procedurally precluded from asserting a retaliation claim under the ADA."); *ATI Enters., Inc. v. Din*, 413 S.W.3d 247, 252 (Tex. App.—Dallas 2013, no pet.) (holding plaintiff failed to exhaust administrative remedies as to retaliation claim under the TCHRA because he indicated the box for national origin but not for retaliation).

Here, Williams checked boxes for discrimination based on age and disability on her TWC charge. App. Reply, Ex. 1 ("TWC Charge"), App. 1, ECF No. 38. The box for discrimination based on retaliation was not marked. *Id.* Nor was any allegation of retaliation indicated elsewhere on the charge. *Id.* Because Williams did not include an allegation of retaliation in her

---

[3] As noted above, Williams did not move for leave to file a sur-reply, leaving TCCD's arguments unaddressed.

administrative charge, she has not exhausted her administrative remedies and is procedurally precluded from asserting a retaliation claim under the ADA and the TCHRA. Therefore, summary judgment is **GRANTED** as to Williams's retaliation claim.

IV.   **CONCLUSION**

Based on the foregoing, TCCD's Motion for Summary Judgment (ECF No. 23) is hereby **GRANTED**. Final judgment will issue by separate order.

**SO ORDERED** on this **22nd day** of **November, 2016**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**