IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTY L. WILLIAMS,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:15-cv-00241-O |
| TARRANT COUNTY COLLEGE DISTRICT,<br>Defendant | §<br>§<br>§ | |

**PLAINTIFF'S AMENDED MOTION IN LIMINE**

Plaintiff Christy L. Williams requests that the Court enter an order before the start of jury selection in this case providing that Defendant, its attorneys, and all witnesses called by Defendant may not mention, or offer evidence, concerning the matters described below, without first approaching the bench, out of the presence of the jury, to seek permission to mention such matters.

The matters described below are not admissible in evidence for any purpose, having no bearing on the issues in this case. Allowing the interrogation of witnesses, comments to jurors or prospective jurors, or offering evidence on any of the following matters would only prejudice and confuse the jury. Furthermore, sustaining an objection to any such questions, statements, or evidence, and/or giving a limiting instruction, would not prevent or undo the prejudice, but merely would reinforce the weight of the inadmissible evidence.

The matters which are the subject of this motion are:

**1. Findings and conclusions of the TWC and EEOC.**

The written findings of the Texas Workforce Commission ("TWC") and/or the Equal Employment Opportunity Commission ("EEOC") should be excluded because their findings and conclusions are irrelevant. *See* Fed. R. Evid. 401. The jury which hears this case should be

allowed to decide the case on its own merits, free from the taint of conclusions made and findings reached by someone else who may not have heard or considered evidence that our jury will hear. Any mention of findings made by these governmental agencies would be unduly prejudicial because a juror could view the finding as authoritative on a matter, given that it comes from a government agency. Therefore, any potential relevance is outweighed by other factors and the Court may exclude such evidence pursuant to Rule 403. Allowing evidence of such matters could also lengthen the trial due to the possibility that testimony would be needed concerning what kind of investigation the agency did, and what evidence it considered.

**2. Criticisms of Plaintiff's Performance that are Remote in Time**

Defendant's complaints regarding Plaintiff from Fall 2011 are too remote in time to be relevant; evidence about acts that occurred long ago have no tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401 and 402. This is especially true in the present case because Plaintiff received a promotion and a pay raise in late August or early September 2012. If TCCD's gripes about Plaintiff's performance before then were insufficient to keep Plaintiff from getting a raise and a promotion in 2012, they were certainly insufficient to justify her termination in 2013. Allowing evidence of these irrelevant incidents will necessarily lead to testimony from witnesses on both sides, thus wasting time debating the irrelevant nits concerning these prior events. The Court should there prohibit any testimony or documentary evidence of these events.

Even if there were some relevance, the Court may exclude it if its probative value is substantially outweighed by the dangers of unfair prejudice, confusion, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

**3. 2008 Incident Regarding a High School Student**

In 2008, a high school student complained that Christy Williams, who was working as a substitute teacher for Fort Worth I.S.D., blocked a doorway and kept him from leaving the classroom. Plaintiff disputes the student's allegations, but even if true, the incident has no possible relevance in this case.

TCCD does not claim that its employees ever knew about this incident. The incident became known to TCCD long after Plaintiff's termination, after Defendant's counsel obtained documents pursuant to an open records request to FWISD. Nevertheless, during the deposition of Plaintiff's psychiatrist a few weeks ago, TCCD asked about the psychiatrist about the incident. He knew nothing of it. If counsel for the Defendant were to bring this up in the presence of the jury, the mere suggestion that a former student complained about inappropriate physical interaction with a student would be unduly prejudicial to Plaintiff. Any possible relevance (and there is none) is outweighed by the danger of undue prejudice. *See* Fed. R. Evid. 401 and 402. Plaintiff therefore requests an appropriate order on this topic.

**4. Allegations of Failure to Mitigate**

To carry its burden of proof on the affirmative defense of failure to mitigate damages, Defendant has to show that Plaintiff failed to use reasonable diligence in seeking other employment, and that comparable jobs were available that she could have found if she had looked. *Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972).

Some cases decided after *Sparks* applied a different rule, holding that if the Defendant proved the Plaintiff did not make reasonable efforts to obtain work, then the Defendant did not have to prove the availability of other substantially equivalent employment. However, the Fifth Circuit Pattern Jury Charge rejects this rule, as discussed in footnote 5 to PJC 11.14 (Title VII

and ADA Damages). The two latest opinions on this issue come from district courts in Mississippi. Both followed *Sparks* and the current PJC, and granted motions in limine to prevent Defendant from introducing evidence concerning failure to mitigate because the Defendant had not produced evidence in discovery showing substantially equivalent jobs were available. *See Schaeffer v. Warren Cty.*, No. 3:14-CV-945, 2017 U.S. Dist. LEXIS 194072, *7 (S.D. Miss. November 27, 2017); *Storr v. Alcorn State Univ.*, No. 3:15-CV-618, 2017 U.S. Dist. LEXIS 128079, *11-12 (S.D. Miss. Aug. 11, 2017).

Just like the plaintiffs in *Schaeffer* and *Storr*, the plaintiff in the present case propounded discovery to the defendant asking what evidence there was to suggest other substantially equivalent jobs were available, and the defendant failed to produce any such evidence. The interrogatory, and response, in this case were:

> 7. Describe the facts supporting your contention that Plaintiff failed to mitigate her damages, including (a) identification of any substantially equivalent employment that you contend Plaintiff should have applied for, and (b) any facts supporting your contention that Plaintiff failed to use reasonable diligence in seeking substantially equivalent employment.
>
> RESPONSE: Plaintiff has produced insufficient evidence demonstrating that she sought substantially equivalent employment as she had at TCCD. Plaintiff has produced no evidence indicating she applied for a writing tutor position at any other local college or community college.

*See* App., p. 10.

TCCD has never amended this interrogatory answer, and it has never produced evidence suggesting substantially equivalent jobs were available. On this record, as in *Schaeffer* and *Storr*, it is proper to enter an order in limine precluding the tender of any evidence or other mention concerning an alleged failure to mitigate.

Plaintiff therefore requests an order precluding Defendant and any of its witnesses or attorneys from stating or suggesting that Plaintiff failed to look hard enough for another job, or has failed to mitigate her damages.

**Instruction to Witnesses**

In the Court's order, Plaintiff ask the Court to require Defendant's attorneys to personally inform each witness to be called by Defendant of the existence and contents of the Court's order.

WHEREFORE, Plaintiff requests entry of an appropriate order.

Respectfully submitted,

/s/ Donald E. Uloth

Donald E. Uloth
Texas Bar No. 20374200
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 725-0260
Fax: (866) 462-6179
don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF CONFERENCE

I certify that on July 27, 2018, I conferred with Lauren McDonald, counsel for Defendant, regarding the relief requested in the foregoing motion. The motion is opposed.

/s/ Donald E. Uloth
Donald E. Uloth

CERTIFICATE OF SERVICE

I certify that on July 27, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to all counsel for Defendant.

/s/ Donald E. Uloth
Donald E. Uloth