U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 30 2018
3:51
CLERK, U.S. DISTRICT COURT
By ______ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTY L. WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-cv-00241-O |
| | § | |
| TARRANT COUNTY COLLEGE DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## JURY CHARGE

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

*Burden of Proof*

Unless otherwise specified, Plaintiff Christy Williams has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Christy Williams has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim. Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

*The Evidence*

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

*Witness Testimony*

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

*Stipulations of the Parties*

The parties have agreed, or stipulated, that:

1. Plaintiff was an employee of Tarrant County College District ("TCCD") in the Writing Lab at TCCD's Northwest Campus.

2. Plaintiff was employed as a full-time Instructional Associate.

3. On January 2, 2013, Plaintiff met with Dr. Coronado, Associate Vice Chancellor of Human Resources, and Sharion Marshall, EEO Employment Relations Representative.

4. On January 7, 2013, Plaintiff was terminated.

## DISABILITY

Plaintiff Christy Williams claims that TCCD discriminated against her because she had a disability by terminating her employment. TCCD denies Plaintiff's claims and contends that she was terminated because of past performance and inability to perform essential functions of her job.

It is unlawful under the Americans with Disabilities Act ("ADA") for an employer to discriminate against an employee because of the employee's disability. Unlawful discrimination can include termination of the employee. To succeed on this claim, Plaintiff Christy Williams must prove each of the following by a preponderance of the evidence:

Y 1. Plaintiff had one or more of the following physical or mental impairments: attention deficit hyperactivity disorder ("ADHD"), depression (major depressive disorder and dysthymia), hypothyroidism, post-traumatic stress disorder (PTSD), and anxiety disorder [hereinafter referred to as "the alleged impairment."].

Y 2. The alleged impairment substantially limited her with respect one or more major life activities, such as brain function, the operation of her endocrine system, working, concentrating, thinking, eating, and sleeping.

Y 3. Defendant TCCD knew Plaintiff had the alleged impairment;

Y 4. Defendant terminated Plaintiff;

Y 5. At the time of her termination, Plaintiff was a qualified individual who could have performed the essential functions of her job; and

6. Defendant TCCD terminated Plaintiff Christy Williams because of the alleged disability. Plaintiff does not have to prove that the alleged disability was the only reason Defendant terminated her.

If Plaintiff Christy Williams has failed to prove any of these elements, then your verdict on the claim of ADA discrimination because of disability must be for Defendant.

A "disability" is a physical or mental impairment that substantially limits one or more major life activities or major bodily functions.

"Mental or physical impairment" means:

> Any mental or psychological disorder, such as intellectual disability, organic brain syndrome, emotional or mental illness, and specific learning disabilities; and
>
> Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory (including speech organs); cardiovascular; reproductive; digestive; genitourinary; immune; circulatory; hemic; lymphatic; skin; and endocrine.

If an impairment is episodic or in remission, it is still a "disability" if it substantially limited a major life activity when it was active or if it would substantially limit a major life activity when active. The term "major life activities" includes, but is not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. A "major life activity" also includes the operation of a major bodily function, including but not limited to the immune system, cell growth, digestion, elimination (bowel and bladder), the nervous system, the brain, the respiratory system, circulation, the endocrine system, and the reproductive system.

Plaintiff contends that at the time of her termination, she had at least one the following impairments: attention deficit hyperactivity disorder (ADHD), depression, hypothyroidism, post-traumatic stress disorder (PTSD), and anxiety disorder [referred to as the "alleged impairment" throughout this charge].

In determining whether Plaintiff's alleged impairment substantially limited her with respect to her brain function, the operation of her endocrine system, working, concentrating, thinking, eating, and sleeping, you should compare her ability to that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment. Temporary impairments with little or no long-term impact are not sufficient.

In determining whether an impairment substantially limited a major life activity or bodily function, you must consider the impairment without regard to the effects of measures such as medication and therapies. In doing so, you may consider evidence of the expected course of a particular disorder without medication or therapy.

**QUESTION NO. 1**

Did Plaintiff Christy Williams have a disability?

**Answer "Yes" or "No."**

**Answer:** Yes

If you answered "Yes" to Question No. 1, then read the following instructions and answer the following question. If you answered "No" to Question No. 1, proceed to answer Question No. 6.

**INSTRUCTIONS FOR QUESTIONS 2 AND 3**

A "qualified individual" is one who, with or without reasonable accommodations, can perform the essential functions of the job. The term "essential functions" means the fundamental job duties of the employment position the Plaintiff held. The term does not include the marginal functions of the position.

In determining whether a job function is essential, you should consider the following factors: the employer's judgment as to which functions are essential; written job descriptions; the amount of time spent on the job performing the function; the consequences of not requiring the person to perform the function; the work experience of persons who have held the job; the current work experience of persons in similar jobs; whether the reason the position exists is to perform the function; whether there are a limited number of employees available among whom the performance of the function is to be distributed; whether the function is highly specialized and the individual in the position was hired for her expertise or ability to perform the function. You may also consider other factors.

To prove that Plaintiff's disability was the reason for the termination, Plaintiff must prove that the individuals at Defendant TCCD who made the decision to terminate Plaintiff knew of her disability. You may consider evidence about information learned from communications with Plaintiff. In addition, an employer is presumed to know information in its files or records about its employees. But an employer is not presumed to know information in records that are not in its files. Nor is an employer required to draw conclusions that an individual has a mental or psychological disorder if it is not obvious to an ordinary person.

**QUESTION NO. 2**

Was Plaintiff Christy Williams a "qualified individual?"

**Answer "Yes" or "No."**

**Answer:** Yes

If you answered "Yes" to Question No. 2, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 3**

Has Plaintiff Christy Williams proved that Defendant TCCD terminated her because of her disability, in violation of the ADA?

**Answer "Yes" or "No."**

**Answer:** No

If you answered "Yes" to Question No. 3, move to Question No. 6. If you answered "No" to Question No. 3, then answer the following question. Otherwise, do not answer the following question.

## TEXAS COMMISSION ON HUMAN RIGHTS ACT DISCRIMINATION CLAIM

It is unlawful under the Texas Commission on Human Rights Act ("TCHRA") for an employer to discriminate against an employee because of the employee's disability. To prove discrimination under the TCHRA, Plaintiff must prove by a preponderance of the evidence that Defendant terminated her because of her disability. To meet her burden, Plaintiff must establish that disability was a "motivating factor" in TCCD's decision to terminate her.

A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision. Disability is not a motivating factor in an employment decision if an individual's disability impairs the individual's ability to reasonably perform the job in question, even with a reasonable accommodation.

**QUESTION NO. 4**

Was disability a motivating factor in TCCD's decision to terminate Plaintiff Christy Williams?

**Answer "Yes" or "No."**

**Answer:** No

If you answered "Yes" to Question No. 4, then answer Question No. 5.

**QUESTION NO. 5**

Would Defendant TCCD have taken the same action inquired about in Question No. 4 when it did, in the absence of the impermissible motivating factor?

**Answer "Yes" or "No."**

**Answer:** —

**BEING "REGARDED AS" DISABLED CLAIM**

Plaintiff claims she was discriminated against because she was regarded as having an impairment. Defendant denies this claim and contends she was terminated because of her past performance and inability to perform the essential functions of her job. Plaintiff claims that she could have performed the essential functions of the Instructional Associate position when Defendant TCCD terminated her.

It is unlawful for an employer to terminate a qualified individual because the employer regards the employee has having a physical or mental impairment.

To succeed on her claim of discrimination because of a perceived impairment, in this case, Plaintiff Christy Williams must prove the following by a preponderance of the evidence:

1. At the time of her termination, Plaintiff could have performed the essential functions of her position;
2. Plaintiff was regarded as having a physical or mental impairment;
3. TCCD regarded Plaintiff as having a physical or mental impairment;
4. Defendant terminated Plaintiff; and
5. Defendant terminated Plaintiff because she was regarded as having the alleged impairment.

An individual is regarded as having an impairment if the individual establishes that she was terminated because of an actual or perceived impairment, whether or not it limits or is perceived to limit a major life activity. If Plaintiff has failed to prove any of these elements, then your verdict on this claim must be for Defendant.

**QUESTION NO. 6**

Was Plaintiff regarded as having a disability?

**Answer "Yes" or "No."**

**Answer:** No

If you answered "Yes" to Question No. 6, then answer the following question. Otherwise, do not answer the following questions.

**QUESTION NO. 7**

Was Plaintiff a "qualified individual?" The definition of a qualified individual can be found above on page 5 of this charge.

**Answer "Yes" or "No."**

**Answer:** —

If you answered "Yes" to Question No. 7, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 8**

Has Plaintiff Christy Williams proved that Defendant TCCD terminated her because it regarded her as having the alleged impairment?

**Answer "Yes" or "No."**

**Answer:** —

Do not answer the following questions if you answered "No" to Question No. 1.

**FAILURE TO ACCOMMODATE CLAIM**

Plaintiff Christy Williams claims that Defendant TCCD failed to reasonably accommodate her disability. Defendant denies Plaintiff's claims and contends that it had no knowledge of a disability and Plaintiff did not request a reasonable accommodation.

The law requires an employer to make reasonable accommodations for an employee's disability. Where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, the initial burden rests primarily upon the employee, to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodation.

To succeed on this claim, Plaintiff must prove each of the following by a preponderance of the evidence:

✓ 1. Plaintiff could have performed the essential functions of the Instructional Associate position when Defendant TCCD terminated her if Plaintiff had been provided with adjustments to the Writing Lab schedule so she did not have to work alone, closing of the Writing Lab at 5 p.m., or being allowed to take time off because of her disability as needed.

Y 2. Plaintiff had the alleged impairment;

Y 3. The alleged impairment substantially limited her brain function, the operation of her endocrine system, concentrating, thinking, working, eating, and sleeping;

N 4. Defendant TCCD knew of Plaintiff's alleged impairment;

Y 5. Plaintiff requested an accommodation;

Y 6. Providing an accommodation would have been reasonable; and

N 7. Defendant TCCD failed to provide a reasonable accommodation.

The term "accommodation" means making modifications to the work place that allow a person with a disability to perform the essential functions of the job, to attain the level of performance available to similarly situated employees who are not disabled, or to enjoy equal benefits and privileges of employment as are enjoyed by similarly situated employees who are not disabled.

A "reasonable" accommodation is a modification to the work place that could reasonably be made under the circumstances. It may include, but is not limited to: (a) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; or (b) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials, or policies, the provision of qualified readers or interpreters and other similar accommodations for individuals with disabilities. There may be other reasonable accommodations.

An employer is not required to restructure a job if that would reallocate the job's essential functions. An employer is not obligated to hire additional employees or reassign existing workers to assist an employee with a disability. The ADA/TCHRA does not require an accommodation that would cause other employees to work harder, work longer hours, or lose opportunities.

**QUESTION NO. 9**

Did Plaintiff request an accommodation?

**Answer "Yes" or "No."**

**Answer:** Yes

Regardless of your answer to Question 9, answer the following question.

**QUESTION NO. 10**

Would providing an accommodation have been reasonable?

**Answer "Yes" or "No."**

**Answer:** Yes

Regardless of your answer to Question 10, answer the following question.

**QUESTION NO. 11**

Did Defendant TCCD fail to reasonably accommodate Plaintiff's disability?

**Answer "Yes" or "No."**

**Answer:** No

**RETALIATION CLAIM**

Plaintiff Christy Williams claims that Defendant TCCD retaliated against her because she took steps to enforce her lawful rights under federal or state law prohibiting discrimination based on disability in the workplace.

The laws that prohibit discrimination in the workplace also prohibit an employer from retaliating against an employee because that employee has asserted or exercised rights under that law. Plaintiff claims that Defendant terminated her employment because she requested reasonable accommodations or because Plaintiff took time off because of her disability. Defendant denies Plaintiff's claim and asserts that it terminated Plaintiff due to her past performance and inability to perform the essential functions of her job.

"Protected activity" includes opposing an employment practice that is unlawful under the ADA by making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under the ADA/TCHRA. Protected activity" also includes exercising a right afforded by the ADA or the Texas law equivalent of the ADA.

To succeed on her claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

Y 1. Plaintiff engaged in protected activity;

Y 2. Defendant terminated Plaintiff;

N 3. Defendant terminated Plaintiff on account of her engaging in protected activity.

You need not find that the only reason for Defendant's decision was Plaintiff's protected activity. But you must find that Defendant's decision to terminate Plaintiff would not have occurred when it did in the absence of—but for—her protected activity.

**QUESTION NO. 12**

Did Plaintiff Christy Williams prove that she would not have been terminated but for her exercising her rights under the ADA/TCHRA?

**Answer "Yes" or "No."**

**Answer:** No

**DAMAGES**

If you found that Defendant violated the law, then you must determine whether it has caused Plaintiff damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff has proved liability.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff would have earned in her employment with Defendant if she had not been terminated from January 7, 2013 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff received from employment during that time; (2) the amount of other damages sustained by Plaintiff, such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Back pay includes the amounts the evidence shows Plaintiff would have earned had she remained an employee of Defendant. These amounts include wages or salary and such benefits as life and health insurance, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant proves by a preponderance of the evidence Plaintiff received during the period in question.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff for the harm she has sustained. Do not include as actual damages interest on wages or benefits.

If you answered "Yes" to Question 3, or if you answered "No" to Question 5, or if you answered "Yes" to Questions 8, 11, or 12, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 13**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Christy Williams for the damages, if any, you have found Defendant TCCD caused Plaintiff?

Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $______0______

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $______0______

3. Wages and benefits from January 7, 2013 through the date of your answer.

   $______0______

*Jury Deliberations*

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. When you go into the jury room to deliberate, you may take with you a copy of this charge, and the exhibits that I have admitted into evidence. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

[signature]
Presiding Judge

August 30, 2018
Date

**Jury Certification**

The foregoing answers are the unanimous answers of the jury.

Redacted Signature

Foreperson

8-30-18

Date